# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JARON C. MONCUR, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) CASE NO. 1:23-cv-2053 |
| | ) |
| GARLAND TRUCKING, INC. and | ) |
| EDWARD H. GARLAND, | ) |
| | ) |
| Defendants | ) |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES*

Comes now Plaintiff Jaron C. Moncur (hereinafter "Moncur"), by counsel, and for his claims against the Defendants Garland Trucking, Inc. and Edward H. Garland (hereinafter collectively "Garland Trucking"), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Moncur is a resident of the State of Indiana, and is domiciled in Greencastle, Putnam County, Indiana.

2. Garland Trucking is owned by Defendant Edward H. Garland. Garland Trucking is headquartered in Lizton, Hendricks County, Indiana. Garland Trucking transports loads of rock, gravel and sand to sites within the State of Indiana (e.g., road construction, driveway construction, sewer construction).

3. Moncur was hired to work for Garland Trucking as a truck driver in May 2023. He voluntarily terminated his employment with Garland Trucking on or about September 29, 2023.

4.     Moncur and his coworker drove Garland Trucking's dump trucks only on routes within the State of Indiana. Moncur and his coworker were never engaged in any interstate commerce or interstate driving.

5.     At all times during his employment with Garland Trucking, Moncur was paid wages on an hourly basis and treated as a non-exempt employee. Garland Trucking promised Moncur wages at $24.00 per hour.

6.     Defendant Edward H. Garland is the sole or primary shareholder in Garland Trucking. Edward H. Garland operates Garland Trucking on a day to day basis and he has operational control over Garland Trucking, its employees, and its unlawful wage practices. Edward H. Garland is jointly and severally liable with Garland Trucking, Inc. for wage violations of the Fair Labor Standards Act and Indiana wage statutes.

7.     From the time of hiring until Moncur quit on September 29, 2023, Garland Trucking paid Moncur at the rate of $24.00 per hour, but only up to 40 hours in a work week. Garland Trucking intentionally refused to pay Moncur wages for his overtime work (hours worked in excess of 40 in a work week) and refused to pay Moncur at an overtime rate of pay (one and one-half times his regular rate) for his overtime hours worked. Instead, Defendant Edward H. Garland expressly told Moncur that Garland Trucking would bank his overtime hours and use some type of compensatory time system to pay overtime.

8.     Garland Trucking is a private employer and it is illegal and a violation of the FLSA and Indiana wage statutes for a private employer to use "compensatory time" in lieu of paying overtime compensation at an overtime rate of pay.

9.     In at least 18 of the 21 weeks Moncur worked for Garland Trucking, Moncur worked and reported to Garland Trucking that he worked overtime hours (in excess of forty

hours worked in the work week). In all 18 weeks, Garland Trucking did not pay Moncur at all for the hours over forty in the work week, nor did Garland Trucking pay Moncur at an overtime rate of pay (here, $36.00 per overtime hour) for those hours worked in excess of forty.

10. Moncur recorded on his time records that he turned in to Garland Trucking at least 200.5 overtime hours he worked from May 2023 until he quit on September 29, 2023. Garland Trucking did not and has not paid Moncur any overtime compensation at all for these hours worked. Garland Trucking owes Moncur at least $7,218.00 in unpaid wages and unpaid overtime compensation for those 200.5 overtime hours worked, plus an additional $7,218.00 in liquidated damages for late payment of earned overtime wages. Garland Trucking owes Moncur at least $14,436.00 in unpaid wages, overtime and liquidated damages.[1]

11. Separate from unpaid overtime, Garland Trucking has still - in mid-November 2023 - not paid Moncur at all for 158.5 or more hours worked before Moncur quit on September 29, 2023.

12. Garland Trucking intentionally and knowingly violated Moncur's rights under the FLSA and/or Indiana's Minimum Wage Law of 1965, along with the Indiana Wage Payment Statute. Garland Trucking's violations included Moncur's right to be paid overtime wages for hours worked in excess of 40 in a week, and his right to be paid for all of his hours worked. By way of this Complaint, Moncur is seeking all available damages, including, but not limited to, all unpaid wages, all overtime compensation, all liquidated and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

---

[1] Garland Trucking may incorrectly argue that it used its "comp time" system to offset some of the damages it owes to Moncur, as it paid straight time amounts at $24.00 per hour to Moncur for a total of 42.5 hours in 3 consecutive weeks that Moncur did not work overtime hours. This amounted to $1,020.00. The FLSA does not permit an offset unless the pay occurred in the same pay period as the FLSA damages arise for unpaid wages and overtime and only if the offset is created by premium pay. Neither condition apply here and no offset can be argued. See 29 U.S.C. § 207(h)(2).

## II.  JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint, which is based upon a federal question of law, under 28 USC § 1331, 28 USC § 1343, 29 USC § 201 et seq, and supplemental jurisdiction over Plaintiff's claims raised under Indiana law, which are based upon a common set of facts.

14. Venue is proper in this Court pursuant to 28 U.S.C. sec. 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana. Defendants are located in Hendricks County, Indiana.

## III.  STATEMENT OF CLAIMS

### A.  Claims Under the Fair Labor Standards Act

15. Moncur incorporates herein by reference paragraphs 1 through 14 above.

16. Garland Trucking, Inc. is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Garland Trucking, Inc. has greater than $500,000.00 per year in gross volume of sales, qualifying it as an "enterprise." Garland Trucking, Inc. is an "employer," as that term is defined by the FLSA. Garland Trucking, Inc. is a "joint employer" as that term is defined by the FLSA.  Finally, Garland Trucking, Inc. is a "person" as that term is defined by the FLSA.

17. For purposes of liability under the FLSA, Edward H. Garland is an "employer," as that term is defined by the FLSA.  Additionally, Edward H. Garland is a "joint employer" as that term is defined by the FLSA.  Finally, Edward H. Garland is a "person" as that term is defined by the FLSA.

18. The Defendants, individually and acting jointly, have violated Moncur's rights to be properly paid overtime wages in a manner required by the FLSA. Moncur was always entitled

to be paid for all of his hours worked and to be paid at an overtime rate for all hours worked each week in excess of 40.

19. Each of the Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

20. Moncur seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendants' violations of the Fair Labor Standards Act.

21. Defendants are jointly and severally liable to Moncur, as they have jointly directed and controlled Moncur's employment, and they have acted in concert to violate Moncur's rights to overtime wages under the FLSA.

### B. Claims Under the Indiana Wage Payment Statute

22. Moncur incorporates herein by reference paragraphs 1 through 21 above.

23. Moncur's claim against Garland Trucking arises under the Indiana Wage Payment Statute, I.C. 22-2-5.

24. By way of this Complaint, Moncur is seeking all available damages, including unpaid wages, damages for late payment of wages, and all available liquidated and/or treble damages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law. Pursuant to the Indiana Wage Payment Statute, Moncur is seeking payment of unpaid wages and all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all of his attorney's fees, costs and expenses.

### C. Claims for Unpaid Overtime Compensation Under the Indiana Minimum Wage Law of 1965 (Pleading Made in the Alternative)

25. Moncur incorporates herein by reference paragraphs 1 through 24 above.

26. Moncur pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Garland Trucking, Inc. does not meet the FLSA's definition of "enterprise." If Garland Trucking, Inc. is not a FLSA "enterprise," then Garland Trucking, Inc. is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

27. Moncur was a non-exempt employee. Garland Trucking violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing to pay Moncur at all for a significant number of hours worked. Additionally, Garland Trucking violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay Moncur at an overtime rate for hours worked in excess of forty in a calendar week.

28. Garland Trucking's failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and without justification.

29. Moncur seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Garland Trucking's violations of the Indiana Minimum Wage Law of 1965.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jaron C. Moncur respectfully requests that the Court enter judgment against each of the Defendants, holding the Defendants jointly and severally liable to him for violations of the FLSA, and issue to him all available relief, including, but not limited to,

the following:

1. All damages available under the FLSA, including all unpaid unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all statutory/liquidated damages, plus payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com